| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| | ] |
| v. | ]  No.  3:22-CR-00327-6 |
| | ]  JUDGE TRAUGER |
| [6] PAUL VAUGHN | ] |

**DEFENDANT PAUL VAUGHN'S POSITION REGARDING PRESENTENCE REPORT**

Defendant Paul Vaughn, by and through undersigned counsel, submits his objections to the draft Presentence Report received on June 1, 2024.

## I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On March 5, 2021, Mr. Vaughn was present outside the Carafem Health Center in Mt. Juliet, Tennessee where a so-called "rescue" involving a peaceful, nonviolent sit-in intended to prevent abortions took place. Mr. Vaughn did not personally obstruct or interfere with any patients, but instead engaged in discussions with the police on site and communicated between the police and the peaceful demonstrators. On October 3, 2022, a federal grand jury for the United States District Court for the Middle District of Tennessee returned a two-count Indictment, charging Mr. Vaughn and his co-defendants with Conspiracy Against Rights and Freedom of Access to Clinic Entrances Act.

On January 30, 2024, Mr. Vaughn was found guilty by a jury trial as to both Counts of the Indictment.

## II.    CORRECTIONS TO FACTUAL ALLEGATIONS OF PRESENTENCE REPORT

Mr. Vaughn respectfully requests that the following factual corrections be made to the presentence report:

- Generally, any mention of a "blockade" should be changed to "rescue". "Blockade" is neither a legal term nor an element of an offense that was proven

at trial and serves to unfairly skew the evidence against the defendants. In addition, it is an inaccurate description of what took place.

- Para. 10, last sentence: "Vaughn and Gallagher planned to 'handle' the police officers" Evidence at trial did not show any such plan; therefore, this sentence should be removed.
- Para. 19, first sentence: "During Gallagher's Facebook Livestream, Vaughn alerted Gallagher and others that the police would soon arrest individuals after giving a final warning." While true as far as it goes, evidence at trial showed that Vaughn was acting at the behest of the police at the time, thus aiding law enforcement in addressing the situation. That context is important and should be included.
- FN 1: "At trial, Patient A testified she experienced extreme anxiety and felt uncomfortable, overwhelmed, intimidated, very scared, and violated as she attempted to access the Clinic. She further added she was anxious about being videotaped in front of a medical office because she believed it was a violation of her rights under the Health Insurance Portability and Accountability Act (HIPPA) (sic)." As a matter of law, Patient A's alleged anxiety about violation of her HIPAA rights was misplaced, as HIPAA does not prohibit members of the public from being in the hallway of an office building open to the public or from videotaping in such an area.

## III. OBJECTION TO GRATUITOUS MATERIAL INCLUDED IN VICTIM IMPACT STATEMENT

Mr. Vaughn respectfully objects to paragraph 22 of the Report, which recites gratuitous comments by the Probation Officer regarding the alleged anxiety and discomfort of Patient A. This section explicitly invites the *victim*, not the Probation Officer, to make a statement if he or she so desires. No such statements were received; therefore, paragraph 22 is unnecessary and improper, and should be deleted.

## IV. OBJECTIONS TO CALCULATION OF OFFENSE LEVEL COMPUTATION

### Application of Victim Related Adjustment Pursuant to U.S.S.G. § 3A1.1(b)(1).

Mr. Vaughn objects to paragraph 29 of the Presentence Report because it incorrectly applies a victim related adjustment "because the defendant knew or should have known the victim of the offense was a vulnerable victim." Although the Probation Officer did not specify precisely

2

why she found Patient A a vulnerable victim, Mr. Vaughn assumes it was at least in part because she was pregnant.[1]

Application Note 2 to § 3A1.1 defines a "vulnerable victim" as someone "who is *unusually* vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." (Emphasis added.) A victim is not unusually vulnerable by virtue of her pregnancy alone. *See, e.g., United States v. James*, 139 F.3d 709, 714 (9th Cir. 1998) ("The district court did not classify the [victim] as unusually vulnerable simply because she was pregnant."). Furthermore, an enhancement of punishment for victimizing a pregnant woman is predicated on protection of the unborn child in her womb. Here, however, Patient A visited the Clinic for the specific purpose of aborting her unborn baby, not to protect her.

"An unusually vulnerable victim is one who is 'less able to resist than the typical victim of the offense of conviction.'" *United States v. Castaneda*, 239 F.3d 978, 980 (9th Cir. 2001) (quoting *United States v. Wetchie*, 207 F.3d 632, 634 (9th Cir.2000)). But Patient A *was* a "typical victim of the offense" here – the FACE Act was enacted specifically to protect "those seeking to obtain or provide abortion services." *See* Senate Bill 636, Findings ("(1) medical clinics and other facilities **offering abortion services** have been targeted in recent years by an interstate campaign . . . aimed at closing the facilities or physically blocking ingress to them, and intimidating **those**

---

[1] The Probation Officer wrote that Patient A "experienced extreme anxiety and felt uncomfortable, overwhelmed, intimidated, very scared, and violated," but mere anxiety and discomfort are not grounds for a victim-related adjustment. Virtually every victim of a crime experiences anxiety and discomfort. The Guidelines require that a victim be *unusually* vulnerable "due to age, physical or mental condition." *Cf. United States v. Jain*, No. 14-CR-1261 RB, 2019 WL 1110800, at *12 (D.N.M. Mar. 11, 2019) (defendant conceded that victim was a vulnerable victim where she "exhibited signs of anxiety, depression, **and bipolar disorder**." (Emphasis added.) No such evidence was presented here regarding Patient A. Instead, this was a peaceful, nonviolent sit-in consisting of prayer, hymn-singing, and gentle one-on-one personal interactions. Patient A's subjective anxiety and discomfort provide no basis for an enhancement of the base offense level.

3

**seeking to obtain or provide abortion services**"); *id.* at (9) ("legislation is necessary to prohibit the obstruction of **access by women to abortion services** . . .") (available online at https://www.congress.gov/bill/103rd-congress/senate-bill/636/text/is?r=29) (emphasis added). "[T]he adjustment should not apply when vulnerability is already reflected in the offense guideline." *United States v. Wetchie*, 207 F.3d 632, 634 n. 4 (9th Cir. 2000). That is precisely the case here; accordingly, no additional adjustment the offense level is called for.

Moreover, the case law supports an enhancement due to pregnancy only where extraordinary circumstances are presented, usually involving violence done to the victim. *E.g.*, *United States v. Cline*, 986 F.3d 873 (5th Cir. 2021) (defendant charged under Violence Against Women Act for "false imprisonment, strangulation, harassment involving a 'strike/shove/kick,' assault of a pregnant victim, and a violent crime with the use of a weapon" (*id.* at 875 n.1); defendant also violated not one but two protective orders in even approaching his victim, who "was taken to the hospital where it was determined that she had been hit in the face and suffered a fractured facial bone and concussion" (*id.* at n.2)); *Armstrong v. Small*, No. CV 07-1101 RGK FMO, 2009 WL 863351, at *3 (C.D. Cal. Mar. 30, 2009) (defendant "threw [victim], who was seven months pregnant, face down on the bed, holding her down by putting his knee in her back. . . . [co-defendant] used a bed sheet to tie [victim's] feet together. She put a pillowcase over [victim's] head, and someone pulled a scarf off [victim's] head and stuffed it in her mouth. [Victim] was thrown to the floor and kicked in her head and back.");*United States v. Johnson*, 136 F. Supp. 2d 553, 560 (W.D. Va. 2001) (pregnant victim of explosion; no enhancement warranted; ''being pregnant may not make all victims especially vulnerable'") (quoting *Garner v. State*, 729 So.2d 990, 992 (Fla. App. 1999)).

No such extraordinary circumstances are present here. The entire event was peaceful and nonviolent. Accordingly, the vulnerable victim enhancement was improper, and the Total Offense Level should be reduced from 14 to 12.

## V.        CONCLUSION

For the foregoing reasons, Defendant Paul Vaughn respectfully requests that the noted corrections to the factual allegations and the proper adjustments be made with respect to the calculation of the Total Offense Level and that his Total Offense Level be found at 12. Based upon a Total Offense Level of 12 and a criminal history category of I, the Guideline imprisonment range is 10-16 months.

Respectfully submitted,

**/s/ *Stephen M. Crampton***
STEPHEN M. CRAMPTON
Thomas More Society
P.O. Box 4506
Tupelo, MS  38803
(662) 255-9439
scrampton@thomasmoresociety.org

and

LARRY L. CRAIN, Esq.
5214 Maryland Way, Suite 402
Brentwood, TN  37027
(615) 376-2600
larry@crainlaw.legal
www.crainlaw.legal

*Attorneys for Paul Vaughn*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2024, a true and exact copy of the foregoing Objections to draft Presentence Report was served on all parties of record via the CM/ECF electronic filing system. I further certify that a true and exact copy of the foregoing was served via email on the United States Probation Officer on June 14, 2024.

/s/Stephen M. Crampton
Stephen M. Crampton

6