UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:22-cr-00327-6 |
| v. | ) | |
| | ) | Judge Aleta A. Trauger |
| PAUL VAUGHN | ) | |

**GOVERNMENT'S POSITION REGARDING THE PRESENTENCE REPORT**

The United States of America, by and through undersigned counsel and in accordance with the prior orders of this Court and in compliance with Local Criminal Rule 32.01(c), hereby submits its Position regarding the Presentence Investigation Report ("PSR"), prepared on May 27, 2024, and revised on June 24, 2024. The United States has reviewed the PSR and has no objections.

The Defendant objects to Probation's application of the vulnerable victim enhancement, pursuant to United States Sentencing Guidelines (USSG) § 3A1.1(b)(1), in its calculation of the advisory guidelines in this case. (*See* Addendum to the Presentence Report.) USSG § 3A1.1(b)(1) provides for a two-level enhancement where a defendant "knew or should have known that a victim of the offense was a vulnerable victim." A "vulnerable victim" is defined as "a person (A) who is a victim of the offense . . . and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1(b)(1), Application Note 2.

The United States agrees with Probation that this enhancement is appropriately applied to the Defendant. The Defendant was aware of the nature and purpose of the blockade of carafem Health Center, which was to confront pregnant women, inquire about their intent to receive services at the facility, physically obstruct their access to the facility, and thereby "rescue" or prevent the abortion of a fetus. The Defendant and his coconspirators targeted the facility

specifically because they believed that pregnant women would be visiting the facility to receive reproductive healthcare. During the blockade, a pregnant woman, Patient A, approached the facility and was harassed and physically obstructed from entering the clinic by the Defendant and his coconspirators. Patient A, who testified that she was extremely anxious and scared and felt violated by her encounter with those participating in the blockade, including the Defendant, did not physically resist the blockade and was unable to enter the facility to receive reproductive health services. Based on this record, the PSR's application of U.S.S.G. § 3A1.1(b)(1) to the Defendant and his coconspirators is warranted.

The vulnerable victim enhancement has been applied in similar cases. In *United States v. Handy*, 1:22-cr-00096-CKK (D.D.C. May 13, 2024), Docket No. 574, a case involving similar violations and one of the same defendants, the court applied the enhancement over defendants' objections. In its opinion and order, the court noted that victims identified in that case—also patients seeking reproductive health services—"were not vulnerable simply because they were pregnant" but rather because of their pregnancies *and* other factors, including their reasons for coming to the clinic and their need for medical services, which made them (as opposed to other victims, such as clinic staff) particularly susceptible to defendants' conduct. *Id.* at 12 (Attachment A). Like the victims in *Handy*, the Defendant and his coconspirators targeted Patient A because they believed that she was pregnant and harassed, videotaped, and physically prevented her from entering the carafem clinic to receive reproductive healthcare services. *See United States v. James*, 139 F.3d 709, 714 (9th Cir. 1998) (affirming application of vulnerable victim enhancement where victim's pregnancy "created a potential vulnerability which [defendant] acknowledged and exploited"). The Court should thus apply the two-level enhancement under USSG § 3A1.1(b)(1) to the Defendant in this case.

Undersigned counsel submits that a copy of this Position is being provided to the appropriate personnel with the United States Probation Office contemporaneously with the filing of this Position.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

By: */s/ Nani Gilkerson*
NANI M. GILKERSON
Assistant U.S. Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: (615) 736-5151

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*/s/ Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

*/s/ Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via the Court's Electronic Case Filing System, on June 25, 2024.

                                      */s/ Kyle Boynton*
                                      KYLE BOYNTON
                                      Trial Attorney

4

Case 3:22-cr-00327  Document 624  Filed 06/25/24  Page 4 of 4 PageID #: 4600