# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cr-00327-6** |
| | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **PAUL VAUGHN** | ) | |

## MEMORANDUM & ORDER

Before the court is defendant Paul Vaughn's Motion for Release Pending Appeal. (Doc. No. 666.) The government opposes the motion (Doc. No. 672), and Vaughn has filed a Reply brief (Doc. No. 673). For the reasons set forth herein, the motion will be denied.

## I.        BACKGROUND

Following a jury trial, Paul Vaughn was found guilty of (1) conspiring to block access to a clinic providing reproductive health services, in violation of 18 U.S.C. § 241, and (2) violating the Freedom to Access Clinic Entrances ("FACE") Act, 18 U.S.C. § 248(a). On July 2, 2024, the court sentenced Vaughn to time served, to be followed by three years of supervised release. (*See* Judgment, Doc. No. 667.) The court specified as one of the "Special Conditions of Supervision" that Vaughn would be on "home detention for the first six months of supervision" and thus required to remain at his residence "at all times except for approved absences for gainful employment, community service, religious services, medical care, and such other times as may be specifically authorized by the U.S. Probation Office." (*Id.* at 5.)

On July 8, 2024, Vaughn, through counsel, moved for an order to "stay imposition of his sentence pending resolution of his appeal" under the Bail Reform Act, 8 U.S.C. § 3143(b). (Doc. No. 666.) In support of his motion, Vaughn argues that he is not likely to flee, that he does not

pose a danger to the safety of another person or the community, that the appeal is not for the purpose of delay, and that the appeal raises a substantial question of law or fact likely to result in a favorable outcome. The government argues in opposition to the motion, first, that the Bail Reform Act only applies when a sentence includes a term of imprisonment and, therefore, does not apply here—where the defendant received a non-custodial sentence. Second, the government maintains that, even if § 3143(b) applied, the defendant has not identified any appellate issue that raises a substantial question of law or fact.

In his Reply, the defendant contends both that "house arrest" is a form of detention and that Rule 9(b) of the Federal Rules of Appellate Procedure, which governs appellate review of a district court's "order regarding release after a judgment of conviction," also applies to probation and incorporates reference to § 3143, so those factors govern a motion to "stay" a sentence, regardless of whether § 3143 technically applies. In addition, he pivots to argue that a stay of probation under Rule 38(d) of the Federal Rules of Criminal Procedure "may be appropriate here as well." (Doc. No. 673, at 1.) He asserts that the factors to be considered under Rule 38 are "(1) whether the movant has made a strong showing of likelihood of success on the merits; (2) whether movant will be irreparably harmed absent a stay; (3) whether other parties will be injured by the issuance of the stay; and (4) the public interest." (*See id.* at 2 (citing *Nken v. Holder*, 556 U.S. 418, 432 (2009)).) He maintains that these factors are similar to those that pertain under § 3143(b) and that they weigh in his favor.

## II.    LEGAL STANDARDS

Section 3143(b), the provision under which Vaughn's motion was originally filed, states:

(b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2) [which does not apply here], the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b) (emphasis added).

Although the Sixth Circuit has never addressed the question presented in this case, on its face, § 3143(b) applies only when a defendant has been sentenced to a term of imprisonment.[1] It has little bearing here, where the defendant received a type of probationary sentence. *Accord United States v. Messerlian*, 793 F.2d 94, 95–96 (3d Cir. 1986) ("In order for a convicted defendant to obtain bail pending appeal pursuant to 18 U.S.C. § 3143(b)2, the defendant has the burden of establishing . . . that if that substantial question [of law or fact] is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial *of all counts on which imprisonment has been imposed*." (quoting *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985) (emphasis added)); *United States v. Bibbins*, 113 F. Supp. 2d 1194, 1204 (E.D. Tenn. 2000) (denying the motion for bail and release pending appeal under § 3143(b), because the defendant "was not sentenced to a term of imprisonment nor was he ordered detained" and instead was

---

[1] Vaughn's reliance on Federal Rule of Appellate Procedure 9(b) is unavailing. Rule 9(b) governs appellate review and, in any event, pertains to the appeal of a district court decision regarding "release" pending appeal, which again presupposes a sentence that includes imprisonment.

"sentenced to and is serving a probationary sentence" that included, as a condition, a two-month stay in a halfway house).

That said, and although Vaughn did not argue as much in his initial motion, he is nonetheless also correct that, under Federal Rule of Criminal Procedure 38(d), "[i]f the defendant appeals, the court may stay a sentence of probation. The court must set the terms of any stay." Although the rule does not expressly authorize a stay of conditions of supervised release, "other courts have assumed . . . that a district court may also stay a condition of supervised release pending appeal as part of the court's 'traditional equipment for the administration of justice.'" *United States v. Haynes*, No. 3:15-cr-00025-TMB, 2020 WL 6786894, at *3 & n.33 (D. Alaska Nov. 18, 2020) (quoting *United States v. Iron Shield*, No. 1:10-CR-059-02, 2011 WL 4007684, at *2 (D. N.D. Sept. 9, 2011)) (other citations omitted).

While Rule 38 authorizes the stay of a sentence, including a sentence of probation, "a stay 'is not a matter of right, even if irreparable injury might otherwise result.'" *Nken v. Holder*, 556 U.S. 418, 432 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)); *see also Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 (9th Cir. 2020). It is within the court's discretion to grant a stay, but the burden is on the party seeking the stay to show that the circumstances justify the exercise of that discretion. *Nken*, 556 U.S. at 433–34.

Rule 38 does not identify the criteria relevant to the issuance of a stay of a probationary sentence, but courts generally consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*United States v. Aguirre*, No. 1:21-mj-00094-SAB, 2024 WL 2301916, at *2 (E.D. Cal. May 21, 2024) (quoting *Nken*, 556 U.S. at 434 (characterizing this four-factor test as the "traditional"

standard for determining whether to stay a judgment and applying it in the context of a petition to stay an alien's removal pending judicial review)); *see also United States v. Bical*, 409 F. Supp. 3d 51, 52 (E.D.N.Y. 2019) (applying *Nken* to Rule 38(c) motion challenging imposition of fine); *United States v. Razzouk*, No. 11-CR-430 (ARR), 2018 WL 3574868, at *1 (E.D.N.Y. July 25, 2018) (applying *Nken* standard to motion to stay restitution order under Rule 38(e)); *United States v. Yalincak*, No. 05CR153 (JBA), 2015 WL 6456537, at *2 (D. Conn. Oct. 26, 2015) (same); *United States v. Keifer*, No. 2:08-CR-162, 2012 WL 3878194, at *1 (S.D. Ohio Sept. 6, 2012) (same).

"The first two factors . . . are the most critical." *Bical*, 409 F. Supp. 3d at 52 (quoting *Nken*, 556 U.S. at 434). However, while "a proper showing regarding irreparable harm" is a *necessary* condition, it is not a "*sufficient* condition for the exercise of judicial discretion to issue a stay." *Aguirr*e, 2024 WL 2301916, at *2 (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (emphasis added). "To justify a stay the moving party must at a minimum show that he has a substantial case for relief on the merits, and that irreparable harm is probable if the stay is not granted." *Id.* (citing *Leiva-Perez*, 640 F.3d at 968).

## III.    DISCUSSION

Vaughn's motion does not actually state what part of his sentence he seeks to stay. In his Reply, he clarifies that he "seeks relief from imposition of home detention, though a stay of the sentence pursuant to Fed. R. Crim. P. 38(d) may be appropriate here as well." (Doc. No. 673, at 1.)[2] Whether he seeks to stay the sentence of supervised release altogether or only the six months of home detention, one of the special conditions of supervision included as part of the Judgment,

---

[2] The government has not had the opportunity to respond to the defendant's new argument under Rule 38, but the court finds that a response is not required.

the court finds that relief is not warranted, because the defendant has not "made a strong showing that he is likely to succeed on the merits" of his appeal.[3]

In his motion, Vaughn posits that (1) the constitutionality of the FACE Act has been called into question by the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022), which overturned *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood v. Casey*, 505 U.S. 833 (1992); (2) *Dobbs*, besides reversing *Roe*, "further eroded the shaky commerce clause jurisdictional foundation on which FACE was enacted"; (3) the FACE Act is unconstitutional, insofar as it constitutes a "content-based regulation of speech"; (4) if the FACE Act is held unconstitutional on appeal, then Vaughn's conviction on Count One, for conspiracy to violate the FACE Act, would also have to be vacated; (5) "the unprecedented use of the felony 18 U.S.C. § 241 conspiracy against rights against peaceful demonstrators whose underlying crime was a simple misdemeanor presents a strong issue on appeal"; and (6) the Supreme Court's recent decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024), provides further support for the argument against the conspiracy against rights charge in this case, insofar as the government's "'novel interpretation' of Section 241 *has* resulted in peaceful protesters like Mr. Vaughn facing a 10-year sentence." (Doc. No. 666, at 4–5.)

Except for this last argument based on *Fischer*, the court has already considered at length and rejected Vaughn's (and his co-defendants') identical arguments, raised in the context of motions to dismiss the Indictment. *United States v. Gallagher*, 680 F. Supp. 3d 886 (M.D. Tenn. 2023). To this court's knowledge, every other court that has considered the same arguments regarding the unconstitutionality of the FACE Act on its own and as the basis for a conspiracy

---

[3] Nor, under 18 U.S.C. § 3143(b)(1)(B), has he raised a substantial question of law or fact likely to result in reversal or an order for a new trial.

charge under 18 U.S.C. § 241 has likewise rejected them. *See, e.g.*, *United States v. Williams*, No. 1:22-cr-00684 (JLR), 2023 WL 7386049, at *1 (S.D.N.Y. Nov. 8, 2023); *United States v. Freestone*, No. 8:23-cr-25-VMC-AEP, 2023 WL 4824481, at *6 (M.D. Fla. July 27, 2023); *United States v. Handy*, No. 22-096 (CKK), 2023 WL 4744057 (D.D.C. July 25, 2023). The court declines at this juncture to reconsider or to rehash its prior holding but adopts and incorporates herein its ruling on the motions to dismiss, based on which the court finds that Vaughn has not established a strong likelihood of success on appeal based on his challenges to the constitutionality of the statutes of conviction.

As for Vaughn's single new argument, *Fischer* involved a conviction under 18 U.S.C. § 1512(c)(2) of the Sarbanes-Oxley Act, which imposes criminal liability on anyone who "otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so." *See Fischer*, 144 S. Ct. at 2181. The Court was called upon to "consider whether this 'otherwise' clause should be read in light of the limited reach" of the preceding clause of the Sarbanes-Oxley Act, which "imposes criminal liability on anyone who corruptly 'alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding.'" *Id.* (quoting 18 U.S.C. § 1512(c)(1)). The Court determined, for an array of reasons, that the "otherwise" clause must be read narrowly, as limited by the clause preceding it, and therefore that, "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." *Id.* at 2190. Vaughn provides relatively little explanation of why he believes that *Fischer* would call his conviction for Count One into question, but his argument appears to be, in essence, that the Supreme Court, in *Fischer*, construed a relatively

broadly-worded statute narrowly, and many of the same considerations would also support a narrowed construction of the federal conspiracy-against-rights statute, 18 U.S.C. § 241, which formed the basis of his conviction for Count One.

Vaughn is correct that § 241—like many older statutes—includes some arguably broad language that could plausibly be narrowed by the appellate courts in an appropriate case. The relevant question here, however, is not whether there might be concerns about the breadth § 241 in some general sense, but whether Vaughn himself has demonstrated a strong case for relief on the merits. Vaughn's argument in that regard, however, faces a substantial obstacle: the fact that Vaughn was offered, and affirmatively turned down, a jury instruction that would have performed precisely the kind of narrowing that *Fischer* might support.

Specifically, on January 29, 2024, the court proposed the following instruction relating to § 241:

> The statute at issue in Count One was enacted in the period following the Civil War to address the problem of private individuals improperly preventing others from exercising their rights under federal law or punishing others for their exercise of those rights after they did so. This law does not use "oppress or intimidate" in any technical sense but rather to refer to a range of improper conduct intended to prevent or punish the free action of other persons with a specific intent to deprive a person of the right secured by federal law if that conduct is found by the jury to rise to the level of oppression or intimidation.
>
> As a matter of law, "oppress or intimidate" does not refer to purely expressive conduct like peaceful demonstration, criticizing a person or attempting to persuade the person. However, the mere fact that a conspiracy included that kind of expressive activity as one of its components does not prevent you from concluding, based on the other aspects of the conspiracy, that the aim of the conspiracy rose to the level of oppression or intimidation based on the totality of the relevant circumstances.
>
> You are instructed that, as a matter of law, the intentional obstruction of the entrance to a private business, against the wishes of the individuals operating that

business, is not "expressive conduct." Whether any particular type of obstruction would rise to the level of oppression or intimidation is for you to decide.[4]

Insofar as the jury might have been tempted, by the language § 241, to construe the statute in a problematically broad manner, the proposed instruction would have prevented such a reading in a number of ways. First, the instruction requires that the defendant's underlying actions amount to "improper conduct" that has been "found by the jury to rise to the level of oppression or intimidation." Second, it requires that the improper conduct have been "intended to prevent or punish the free action of other persons." Third, it requires that the defendant have acted "with a specific intent to deprive a person of the right secured by federal law." Fourth—and directly addressing the issues raised by Vaughn's motion—the instruction includes an express disclaimer of the possibility that the jury could find oppression or intimidation based on "purely expressive conduct like peaceful demonstration, criticizing a person or attempting to persuade the person."

The Government consented to each of those limitations, and the court was prepared to instruct the jury accordingly. The defendants, however, chose to reject the instruction, and that choice substantially limits the arguments available to them on appeal. *See, e.g.*, *United States v. Veggacado*, 37 F. App'x 189, 191 (6th Cir. 2002) ("[The defendant] also challenges on appeal the jury instructions, but affirmatively stated at trial that he had no objections to the jury instructions as delivered by the district court. Where a party fails to object to the jury instructions, this court will not address the question on appeal unless the error is obvious and prejudicial."). Given Vaughn's failure to identify a clear argument why *Fischer* would render his conviction reversible,

---

[4] The current version of the transcript on the docket is limited to the testimony and does not include the proceedings involving this proposed instruction, which occurred during the trial but outside the presence of the jury. The court has reviewed its notes and materials, as well as the court reporter's draft transcript, to confirm that the exchange occurred.

despite his own objection to a narrowing instruction, the court finds that he has not made a sufficiently strong showing of a chance of success to support a stay.

## IV.    CONCLUSION AND ORDER

For the reasons set forth herein, the Motion for Release Pending Trial (Doc. No. 666) is **DENIED**.

It is so **ORDERED**.

_____

ALETA A. TRAUGER
United States District Judge